**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONY NELSON,

      Plaintiff - Appellant,

v.

CITY OF ALBUQUERQUE, a
political subdivision of the State of
New Mexico; R.T. JOHNSTON, an
Officer of the Albuquerque Police
Department, individually; D.
HUGHS, an Officer of the
Albuquerque Police Department,
individually; A. LIMON, an Officer
of the Albuquerque Police
Department, individually; S.
WEIMERSKIRCH, an Officer of the
Albuquerque Police Department,
individually,

      Defendants - Appellees,

and

BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF BERNALILLO, a
political subdivision of the State of
New Mexico; JOHN AND JANE
DOES, Officers of the Albuquerque
Police Department, individually;
DERRICK WULFF, Detective of the
Albuquerque Police Department, in
his individual capacity as a state
actor of the City of Albuquerque; J.
SATHER, Sergeant of the

No. 17-2199

Albuquerque Police Department, in his individual capacity as a state actor of the City of Albuquerque,

Defendants.

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:10-CV-00553-JB-DJS)**
_____

Ryan J. Villa, The Law Office of Ryan J. Villa, Albuquerque, New Mexico, for the Plaintiff-Appellant.

David A. Roman, Robles, Rael & Anaya, P.C., Albuquerque, New Mexico, for the Defendants-Appellees.
_____

Before **BRISCOE**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

This appeal grew out of a dilemma for the district court: How was it to resolve the tension between the desire to correct what it saw as a prior error and constraints on the court's power to rule on repetitive motions? The dilemma arose from a second motion to alter or amend a civil judgment under Federal Rule of Civil Procedure 59(e).

The defendants ultimately filed two motions based on this rule, but they were decided by different judges. After the first judge denied the first motion, he retired and the court reassigned the case to another judge. The defendants then filed their second motion, reurging or elaborating on what

they had argued in their prior motion. This time, the second judge granted the motion. But the motion as presented was an improper Rule 59(e) motion because it had simply rehashed arguments from the first motion. Because the motion was improper, the district court erred in granting it. We therefore reverse.

**1.     The district court denies the defendants' first motion under Rule 59(e).**

The case involved excessive force claims brought by Mr. Tony Nelson. The case went to trial, and the jury returned a verdict for the defendants. Mr. Nelson then moved for judgment as a matter of law under Rule 50(b). The district court granted this motion, concluding that no reasonable jury could find for the defendants.

The defendants responded with a motion to alter or amend the judgment under Rule 59(e), arguing that (1) the trial evidence supported a defense verdict and (2) the officers were entitled to qualified immunity. The district court rejected both arguments, concluding that the defendants were not entitled to relief under Rule 59(e). So the court entered judgment for Mr. Nelson.

Following the entry of this judgment, the defendants moved for judgment as a matter of law under Rule 50(b), seeking reinstatement of the verdict. The defendants again argued that (1) the verdict was supported by

sufficient evidence and (2) the officers were entitled to qualified immunity.

**2.      The case is reassigned, and the newly assigned judge grants the defendants' second motion under Rule 59(e).**

Before the district court issued a decision, the case was reassigned to another judge. This judge denied the defendants' Rule 50(b) motion based on two conclusions:

1.      Rule 50(b) did not allow the court to undo the grant of judgment to Mr. Nelson.

2.      The officers had failed to preserve their arguments for qualified immunity.

But the judge also construed the defendants' Rule 50(b) motion as a second Rule 59(e) motion to alter or amend the judgment. With this construction, the judge granted the motion, concluding both that

- the previous judge had clearly erred in granting judgment as a matter of law to Mr. Nelson and

- the officers were entitled to qualified immunity.

Given these conclusions, the court amended the judgment to deny relief to Mr. Nelson, who appeals the grant of the defendants' second Rule 59(e) motion.

**3.      The defendants' postjudgment motion was properly construed as a second Rule 59(e) motion.**

The parties do not question characterization of the first motion as a Rule 59(e) motion. The defendants later filed another motion, this time

4

invoking Rule 50(b). But the court recharacterized the motion as one based on Rule 59(e), and all parties agree with this recharacterization (as we do).

"[I]n determining whether a motion is brought under Rule 59, we look beyond the form of the motion to the substance of the relief requested." *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Despite the label, a motion constitutes a Rule 59(e) motion if it "requests a substantive change in the district court's judgment or otherwise questions its substantive correctness." *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010).

Although the defendants labeled their motion as one under Rule 50(b), the court correctly construed the motion as one based on Rule 59(e). In the motion, the defendants urged the court to vacate its earlier grant of judgment to Mr. Nelson. As the court recognized, this was not a true request for Rule 50(b) relief. Instead, the defendants were questioning the correctness of the order granting judgment to Mr. Nelson. This was a classic argument to alter or amend the judgment. *See Yost*, 607 F.3d at 1243. The motion thus constituted a second motion under Rule 59(e).

**4.  The court erred in granting the defendants' second Rule 59(e) motion.**

We review rulings on Rule 59(e) motions for an abuse of discretion. *Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013). A court abuses its discretion when basing its decision on an erroneous legal

5

conclusion. *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017). Here the court abused its discretion by committing a legal error when granting the defendants' second Rule 59(e) motion. In this motion, the defendants merely reurged arguments that had already been presented in the first Rule 59(e) motion.

Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006) (discussing the "important interest in the finality of judgments"). This interest in finality becomes even stronger when a district court has previously denied relief under Rule 59(e). *See In re Strangel*, 68 F.3d 857, 859 (5th Cir. 1995) ("[T]he interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purpose of tolling the time for bringing an appeal.").

Given the strength of this interest in finality, we have restricted district courts' discretion when ruling on motions based on Rule 59(e). For example, we held in *Servants of the Paraclete* that Rule 59(e) motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." 204 F.3d at 1012. The United States Supreme Court also stated in *Exxon Shipping Co. v. Baker*

6

that "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–28 (2d ed. 1995)).[1]

Given this guidance from *Servants of the Paraclete* and *Exxon Shipping*, we consider the defendants' two arguments in their second Rule 59(e) motion:

1. Mr. Nelson was not entitled to judgment under Rule 50(b).

2. The officers were entitled to qualified immunity.

These were not new arguments: The first judge had rejected the same arguments when the defendants presented their first Rule 59(e) motion.[2]

---

[1] We have allowed use of Rule 59(e) to challenge an earlier order confirming an appraisal award. *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017). In doing so, we stated: "Certainly a motion under Rule 59(e) allows a party to reargue previously articulated positions to correct clear legal error." *Hayes Family Tr.*, 845 F.3d at 1005. But there we were not addressing a second Rule 59(e) motion. Here the defendants didn't challenge a ruling on a motion filed under some other procedural rule; the defendants instead rehashed what they had argued in their prior Rule 59(e) motion.

[2] The reassignment of judges does not affect the district court's power to act because the successor judge can reconsider prior rulings only if the previous judge could have done so. *See U.S. Gypsum Co. v. Schiavo Bros.*, 668 F.2d 172, 176 (3d Cir. 1981) (stating that a successor judge can reconsider legal issues "to the same extent that his or her predecessor could have"); *Abshire v. Seacoast Prods., Inc.*, 668 F.2d 832, 837–38 (5th Cir. 1982) (concluding that a "successor judge has the same discretion as

7

Because parties cannot invoke Rule 59(e) to reurge or elaborate on arguments already decided in earlier Rule 59(e) proceedings, the defendants' second Rule 59(e) motion did not supply a proper ground for relief.

The district court acknowledged that *Servants of the Paraclete* might prohibit a party from filing a second Rule 59(e) motion that merely rehashed arguments from a prior Rule 59(e) motion. But the court concluded that the opinion did not affect a district court's ability to grant Rule 59(e) relief. We disagree. In our view, *Servants of the Paraclete* prevented the district court from granting an improper motion under Rule 59(e). Thus, the district court abused its discretion by committing an error of law.

## 5.    Our disposition leaves three issues unanswered.

In concluding that the district court erred, we leave three issues unresolved: (1) whether the district court could have granted relief by ruling sua sponte, (2) whether relief sought in a repetitive Rule 59(e)

---

the first judge to reconsider" an earlier order); *Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991) ("A successor judge steps into the shoes of his or her predecessor, and is thus bound by the same rulings and given the same freedom, as the first judge.").

8

motion might otherwise be granted through Rule 60, and (3) whether Rule 59(e) can be used to challenge a judgment awarded under Rule 50.

A.   **Whether the district court can act sua sponte to grant relief under Rule 59(e)**

Rather than grant relief sua sponte, the district court ruled by granting the defendants' motion. We thus need not consider whether a district court can grant Rule 59(e) relief by acting sua sponte. And even if we assume that a court could act sua sponte under Rule 59(e), we need not consider whether sua sponte relief would be appropriate in cases like ours, where Rule 59(e) had already been invoked in an earlier motion. *See United States v. Williams*, 790 F.3d 1059, 1070 (10th Cir. 2015) (recognizing that even though a district court could vacate a conviction sua sponte based on a fraud on the court, the statutory restrictions on a second or successive motion to vacate the sentence applied because the district court had granted the defendant's motion rather than act sua sponte).

Only one circuit has addressed a district court's power to act sua sponte by granting relief under Rule 59(e): the Eleventh Circuit. *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1984) (per curiam). That circuit allows the district court to act sua sponte within the period for filing a motion to alter or amend the judgment. *Id.* Our court has not weighed in on the court's power to act sua sponte under Rule 59(e). *Cf.*

9

*Marshall v. Shalala*, 5 F.3d 453, 454 (10th Cir. 1993) (declining to decide whether to allow the district court to act sua sponte under Rule 59(e)).

Even under the Eleventh Circuit's approach, however, the district court did not act within the deadline for a motion to alter or amend the judgment. To act sua sponte, the court had to rule within 28 days of the judgment for Mr. Nelson. *See* Fed. R. Civ. P. 59(e) (2012).

Here the court did not rule within this 28-day period. The judgment for Mr. Nelson was entered in 2012. In 2013, the district court issued an order summarily granting in part and denying in part the defendants' motion under Rule 50(b) for judgment as a matter of law. In the order, the district court stated that it would later issue an explanatory opinion. The district court did not issue its opinion until 2017, long after the 28-day period had ended. In that opinion, the district court stated for the first time that it was granting relief under Rule 59(e) rather than Rule 50(b). So even under the Eleventh Circuit's approach, the district court's ruling could not be upheld as a proper exercise of authority to act sua sponte.

Given the nature and timing of the ruling on the second Rule 59(e) motion, we need not decide whether the court could have granted relief to the defendants by acting sua sponte.

## B.    Whether relief might be permissible under Rule 60

We also need not decide whether relief sought in a repetitive Rule 59(e) motion might be granted through Rule 60. For instance, if a litigant

10

sought to correct a clerical error or remedy a fraud on the court in a repetitive Rule 59(e) motion, a court might correct the error under Rule 60(a) or Rule 60(d). *See* Fed. R. Civ. P. 60(a) (clerical errors may be corrected sua sponte before an appeal is filed); *United States v. Buck*, 281 F.3d 1336, 1341–42 (10th Cir. 2002) (permitting relief to remedy a fraud on the court). But in this appeal, the defendants have not raised the possibility of relief under Rule 60. So we need not address whether a court can use Rule 60 to grant relief after the filing of a repetitive motion based on Rule 59(e).

### C. Whether Rule 59(e) can be used to challenge a judgment that had been based on Rule 50

Nor do we consider whether it is appropriate to use Rule 59(e) to challenge a judgment awarded under Rule 50. The advisory committee notes suggest that Rule 59(e) cannot be used to challenge a judgment awarded under Rule 50. *See* Fed. R. Civ. P. 59(e) advisory committee's notes to 1946 amendment (stating that Rule 59(e) "deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in Rule 50(b)"). But Mr. Nelson did not adequately argue that the court had erred in allowing use of Rule 59(e) to modify a judgment that had been based on Rule 50(b). In his opening brief, Mr. Nelson merely provided the text of the advisory note and stated: "For this reason it may have been error to grant Defendants'

11

Rule 59(e) motion." Appellant's Opening Br. at 29. Mr. Nelson waived this argument by failing to adequately develop it. *See Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1209–10 (10th Cir. 2006).

**6.    Conclusion**

The defendants filed a second Rule 59(e) motion that merely reurged arguments already made in a previous Rule 59(e) motion. The second motion was improper, and the district court erred by granting the improper motion. We thus reverse the grant of the defendants' second Rule 59(e) motion and remand with instructions to vacate the judgment and reinstate the prior judgment for Mr. Nelson.