**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONY NELSON,

     Plaintiff - Appellant,

v.

CITY OF ALBUQUERQUE, a political
subdivision of the State of New Mexico;
R.T. JOHNSON, an Officer of the
Albuquerque Police Department,
individually; D. HUGHS, an Officer of the
Albuquerque Police Department,
individually; A. LIMON, an Officer of the
Albuquerque Police Department,
individually; S. WEIMERSKIRCH, an
Officer of the Albuquerque Police
Department, individually,

     Defendants - Appellees,

and

BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF BERNALILLO, a political subdivision
of the State of New Mexico; JOHN AND
JANE DOES, Officers of the Albuquerque
Police Department, individually;
DERRICK WULFF, Detective of the
Albuquerque Police Department, in his
Individual Capacity as a State Actor of the
City of Albuquerque; J. SATHER,
Sergeant of the Albuquerque Police
Department, In his Individual Capacity as a
State Actor of the City of Albuquerque,

No. 17-2199
(D.C. No. 1:10-CV-00553-JB-DJS)
(D. N.M.)

Defendants.

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, **LUCERO**, **HARTZ**, **HOLMES**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, and **CARSON**, Circuit Judges.

_____

On April 16, 2019, the panel's opinion issued in this matter, and judgment issued the same day. An active judge of the court then called a poll, *sua sponte*, to consider en banc review of the panel decision. A majority of the active judges of the court voted not to rehear the case, and as a result the poll failed. *See* Fed. R. App. P. 35(a).

Chief Judge Tymkovich and Judge Hartz voted to grant en banc rehearing. Judge Hartz has prepared the attached written dissent from the denial of en banc reconsideration, in which Chief Judge Tymkovich joins. Judge Bacharach has prepared the attached written concurrence supporting the denial of rehearing. Judges Briscoe, Matheson, Phillips and Moritz join in that concurrence.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

2

17-2199, *Nelson v. City of Albuquerque*

**HARTZ,** Circuit Judge, dissenting, joined **TYMKOVICH**, Chief Judge.

I dissent from the denial of en banc review. The panel made two singular errors in reaching its decision. First, and most important, it made the unprecedented decision that a district court abused its discretion by correcting what it perceived as its prior clear error in response to a timely motion under Federal Rule of Civil Procedure 59(e). (Because the panel saw no need to review the merits of the district court's ruling, we can assume that it believed that the district court abused its discretion even if it had clearly erred in its previous ruling.) The panel based its holding on its view that the Rule 59(e) motion was an "*improper* Rule 59(e) motion because it had simply rehashed arguments from [an earlier] motion." *Nelson v. City of Albuquerque*, 921 F.3d 925, 927 (10th Cir. 2019) (emphasis added). I am aware of no decision by any federal court to the same effect. Our judicial tradition has strongly affirmed that a court in a civil case should be able to correct a mistake in response to a timely motion for reconsideration, thereby avoiding an unnecessary appeal. The panel's opinion is contrary to "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8 (1976).

Second, recognizing that this court has recently stated (correctly) that "[c]ertainly a motion under Rule 59(e) allows a party to reargue previously articulated positions to correct clear legal error," *Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1005 (10th Cir. 2017), the panel opinion tries to distinguish this case on the ground that this was the movant's *second* motion under Rule 59(e). This attempt to

distinguish our precedent is wrong on three counts: (1) So long as the district court had jurisdiction and the motion was timely, it should be able to correct its errors even if this *was* the party's second motion. (2) All the authority relied on by the panel for stating that the motion was "improper" concerned initial Rule 59(e) motions, so we can be sure (given the extensive precedent) that whatever "improper" meant in those cases it did not mean that the district court should not correct clear error in response to such a motion. And, most remarkably, (3) the panel has insisted that the movant's prior motion was under Rule 59(e) even though it was a prejudgment motion and therefore doubtlessly not a motion under Rule 59(e). We should not evade in this manner our duty to address the merits of the district court's decision.

Before discussing the applicable law, it is worth summarizing the procedural posture of this case relevant to the panel's decision. The district court conducted a trial on Plaintiff's claim that Defendants had violated his constitutional rights by using excessive force. The jury found that Plaintiff's rights had not been violated. Plaintiff had filed a motion for directed verdict on liability before the verdict was handed down and renewed the motion after judgment was entered. Defendants responded that there was sufficient evidence to support a finding that there had been no violation. The district court granted the motion, ruling that based on the evidence at trial the only reasonable verdict was that Defendants had used constitutionally excessive force. It set aside the verdict, ruled that Defendants were liable, and ordered a new trial on damages. Defendants moved for reconsideration, arguing that there was a reasonable view of the evidence that supported the verdict; they also argued, as they had before the verdict, that

2

they were entitled to qualified immunity on the ground that the law was not clearly established.  The district court denied the motion but said nothing about whether the law was clearly established.  The parties then stipulated to the amount of damages, and the court entered final judgment.  That was when Defendants filed the timely motion under Rule 59(e) that is the subject of this appeal.  The district court granted the motion, holding that the court had clearly erred in setting aside the verdict, in part because the law had not clearly established that Defendants acted with constitutionally excessive force.

The panel opinion did not express a view on the merits of the district court's decision.  Nor do I.  The sole issue before us is whether it was improper to grant the Rule 59(e) motion even if the district court had previously erred.

Rule 59(e) says nothing about when relief under the Rule is appropriate.  The complete text of the present version is:  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  The Rule's purpose was just to "make[] clear that the district court possesses the power . . . to alter or amend a judgment after its entry," as had been declared by a divided Eighth Circuit panel in *Boaz v. Mutual Life Ins.*, 146 F.2d 321 (8th Cir. 1944).  Fed. R. Civ. P. 59, advisory committee 1946 note to Subdivision (e).  Or, as a participant at the rules committee meeting that approved Rule 59(e) expresses it in his treatise, the provision "was adopted in order to clarify that the district court has the power to rectify its own mistakes in the period immediately following the entry of judgment."  Moore's Federal Practice 3d, § 59.30 [1].  The chief effect of the rule was to set a deadline for such postjudgment motions (which was 10 days from entry of judgment in the original rule).

3

The standards for determining when relief should or may be granted under Rule 59(e) are judge-made. Sometimes the district court decides to grant the motion even though the court still believes it reached the correct result on the record before it when it originally ruled on the issue, but newly discovered evidence or new law (a statute or precedential court decision) has come down since the issue was first raised. Ordinarily, however, the reason the court grants the motion is simply because it believes it made a mistake the first time around. The Supreme Court recently reminded us that federal judges are not immortal. We are also far from infallible. We overlook things, misread things, misunderstand the facts, or just misthink in the hurly-burly of dealing with heavy dockets or a busy life. (Just ask my law clerks.) A Rule 59(e) motion can alert the court to its prior error and permit correction. This is a good thing, not something to be avoided. To again quote *Dieter*, where the district court got a critical fact wrong, disallowing such motions may "prolong[] litigation and unnecessarily burden[] [appellate courts], since plenary consideration of an issue by an appellate court ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing." 429 U.S. at 8.

In accord with the Supreme Court's view, this court has stated: "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). This approach furthers the proper relationship between the trial and appellate courts. "[T]he

4

traditional concept has been that it is for the trial courts to dispense justice, with the appellate court sitting only to affirm or reverse their decisions. The notion that these questions [regarding a dispositive issue of law] should be left for the appellate courts to decide in the first instance is a novel one." 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2803 at 64 (hereinafter "Wright & Miller").

Of course, we would not say that a court "misapprehended" something unless that something ("the facts, a party's position, or the controlling law," *Servants of the Paraclete*, 204 F.3d at 1012) had previously been presented to the court. *See Vaughn v. Consumer Home Mort. Co., Inc.*, 470 F. Supp. 2d 248, 258 (E.D.N.Y. 2007) (rejecting "the proposition that a motion for reconsideration must be denied simply because the cases or arguments that the court is alleged to have overlooked were before it when it issued its initial ruling[.] [I]ndeed, such a holding would defy the generally accepted meaning of the word 'overlooked.'"). Thus, we have said: "Certainly a motion under Rule 59(e) allows a party to reargue previously articulated positions to correct clear legal error." *Hayes*, 845 F.3d at 1005. Other circuits have acted accordingly. In *Gagliano v. Reliance Standard Life Ins. Co.,* 547 F.3d 230, 234 (4th Cir. 2008), the district court set aside a judgment under Rule 59(e) almost four years after the original judgment upon reconsideration of a previously presented argument. The appellate court said that "the district court did not err in granting a motion to reconsider," even though Rule 59(e) "is a remedy to be used sparingly." 547 F.3d at 241 n.8 (internal quotation marks omitted). At least one other circuit has taken this proposition one step further. In *Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C. Cir. 1996), the appellate court held that the district

5

court had abused its discretion by *not* granting a Rule 59(e) motion re-arguing a proposition presented to the district court before judgment.

Although what I have just said about Rule 59(e) is nothing new, it may seem inconsistent with other statements made about motions under the Rule. Thus, in *Servants of the Paraclete*, which I have just quoted in favor of granting Rule 59(e) motions that point out oversights or errors by the district court in prior rulings on the matter, we also said (after resolving the merits of the postjudgment motions):

> [Motions for reconsideration under Rule 59(e)] are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

204 F.3d at 1012.[1] We are not alone in voicing that sentiment. The Supreme Court has quoted with approval the statement in a leading treatise that Rule 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, 127–28 (2d ed. 1995)). *But cf.* Wright & Miller § 2810.1 at 158 (2012) (stating that a Rule 59(e) motion may be granted if the movant "demonstrate[s] that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.")

---

[1] The only authority cited in support of the three quoted sentences was *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), where the appellant had filed only one postjudgment motion, which we construed as a motion under Rule 60(b).

6

What could this mean?  Once we prohibit arguing points *raised* in earlier motions and points that *could have been raised* in earlier motions, the only arguments left are those based on newly discovered evidence and new law.  If, as the panel opinion indicates, any other motion is an "improper" Rule 59(e) motion, and if it is an abuse of discretion to grant an "improper" motion, even when the motion convinces the district court that it has made a clear error, then district courts would be well advised to reject the great bulk of Rule 59(e) motions by summarily reviewing them to make sure that they did not raise new authority or newly discovered evidence.  If a motion did not survive this cut, it would be a waste of time to consider the merits of the motion, because even if the district court were convinced of its error, it could not do anything about it.  Is the "need to correct clear error or prevent manifest injustice" no longer a "[g]round[] warranting a motion to reconsider"?  *Servants of the Paraclete*, 204 F.3d at 1012.  Is a Rule 59(e) motion no longer "appropriate where the court has misapprehended the facts, a party's position, or the controlling law"?  *Id*.  Is it truly improper to file in a civil case a motion for reconsideration such as that in *Dieter*, which presented no new facts or law?

Given this apparent disconnect between the proper grounds for granting a Rule 59(e) motion and those for making such a motion, one could be forgiven for thinking that the courts are befuddled.  But the seemingly contradictory statements above are no more than flip sides of the same coin.  And what that coin purchases is discretion for the district courts.  As Judge Selya colorfully described the point:  "We have repeatedly held that, once the ball has ended, the district court has substantial discretion in deciding whether to strike up the band again . . . ."  *In re Sun Pipe Line Co.*, 831 F.2d 22, 25 (1st

7

Cir. 1987). District courts have substantial discretion to deny a Rule 59(e) motion, and substantial discretion to grant one. If a motion regurgitates old arguments or attempts to raise new arguments that could have been raised before, the district court does not abuse its discretion in refusing to go over the matter again. But if the motion convinces the court that it made a mistake, it has discretion to grant it. I am in full accord with the following statement by the district court in this case:

> The Court . . . concludes that *Servants of [the] Paraclete v. Does* does not force the Court to deny a motion to amend or alter, simply because it raises identical issues; rather, it affords the Court the option to deny that motion for reasons of judicial efficiency. A court need not review a motion to alter or amend with the same rigor if the motion raises issues already considered, because it would waste time by forcing a judge to rewrite an opinion already rendered. If, on the other hand, a party raises an identical issue on a motion to alter, and, upon the district judge's reflection, perhaps after passions have cooled, he or she concludes that he or she erred previously, *Servants of [the] Paraclete v. Does* does not chain that district judge to an erroneous legal conclusion. There is no sound reason for a district judge to be unable to change a ruling he or she has made if he or she has become concerned that he or she is wrong.

*Nelson v. City*, 283 F. Supp. 3d 1048, 1099 (D.N.M. 2017); *see Commonwealth of Massachusetts v. United States*, 333 U.S. 611, 639–40 (1948) (Jackson, J., dissenting) ("I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday.") It may be of some interest that in *Boaz*, 146 F.2d at 321, which was the stimulus for adding Rule 59(e), the postjudgment motion granted by the district court was the defendant's motion to reconsider its decision ("at plaintiff's instance and over defendant's objection") to dismiss plaintiff's claim without prejudice rather than with prejudice. No mention is made of whether the defendant could not have raised its arguments at the time of the original decision.

8

It has always been my understanding that this court operates similarly on petitions for rehearing. We get a great many of them. We deny the vast majority because they repeat what has already been presented in the briefs or they raise new arguments that could have been presented before. But we carefully review all of them to determine if we missed something. Occasionally, we did miss something, and we correct our opinion. The important thing is to do justice. I am confident that this is also the practice of the district courts. The fact that a motion for reconsideration may properly be rejected on its face does not mean that the motion should be treated as a nullity or shunned as something evil. Not that long ago, a party raised an argument in a petition for rehearing that was not, yet could have been, raised in the normal briefing in this court; we denied the petition but were unanimously reversed by the Supreme Court on the new ground. *See Wood v. Milyard*, 566 U.S. 463 (2012).

It is not clear to me what the panel opinion makes of all this. The heart of its reasoning is that Defendants' Rule 59(e) motion was "improper" because "it had simply rehashed arguments from the first motion." *Nelson*, 921 F.3d at 927. It then held that because the motion was improper, the district court, despite believing that it had committed clear error, abused its discretion by granting relief. To support the label "improper," the panel opinion relies on cases addressing an original motion under Rule 59(e). It would be natural to presume that this means that any Rule 59(e) motion that rehashes arguments made in a prior motion is an "improper" motion. And it would also be natural to then conclude that granting such a Rule 59(e) motion would always be an abuse of discretion. But at this critical juncture, the panel opinion draws back. It

9

acknowledges our statement in *Hayes* that "[c]ertainly a motion under Rule 59(e) allows a party to reargue previously articulated positions to correct clear legal error." 845 F.3d at 1005. It appears, however, to distinguish *Hayes* on the ground that in this case the prior motion was also a motion purportedly under Rule 59(e) (although perhaps it is making something of the fact that the motion in *Hayes* "challenge[d] an earlier order confirming an *appraisal award*"). *Nelson*, 921 F.3d at 929 n.1 (emphasis added).

The panel opinion "explains" the distinction between first and repeated Rule 59(e) motions in three sentences:

> Rule 59(e) motions may be granted when "the court has misapprehended the facts, party's position, or the controlling law." *Servants of the Paraclete*, [204 F.3d at 1012]. But once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006) (discussing the "important interest in finality of judgments"). This interest in finality becomes even stronger when a district court has previously denied relief under Rule 59(e). *See In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995) ("[T]he interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purpose of tolling the time for bringing an appeal.").

*Id* at 929. The first sentence states a proposition contrary to the holding in this case. The next sentences try to distinguish this case so that the proposition does not apply. The second sentence fails in that regard because what it says is true of every Rule 59(e) motion. All Rule 59(e) motions are filed after entry of final judgment. *See* Wright & Miller § 2817 at 229 ("[A] Rule 59(e) motion is . . . considered untimely if it is made before the entry of judgment."). The interest in finality is incorporated into the Rule itself, by requiring that the motion be filed promptly after final judgment—within 28

10

days.  (The Supreme Court decision cited at the end of the sentence, which notes the need for respecting procedural-default rules, is of no special relevance.)

The panel opinion's holding thus must rest on the greater interest in finality when the court has denied a prior Rule 59(e) motion.  To begin with, the cited opinion from the Fifth Circuit does not support the panel opinion.  That case was concerned only with the timeliness of appeal, not the propriety of the motion.  When it said that a second motion under Rule 59(e) would not toll the time for appeal, it did not restrict the proposition to *inappropriate* second motions; and it did not say that it would have been an abuse of discretion to grant a meritorious second motion.  (Say, the second Rule 59(e) motion merely pointed out that the district court got a critical date wrong in denying the first motion.)  More importantly, I would have thought that Rule 59(e) itself resolved where to draw the proper finality line when it required that a motion under the Rule must be filed within 28 days of entry of final judgment.  Most striking, the panel opinion fails to explain why the interest in finality is so much greater if the prior motion was under Rule 59(e) rather than under another rule.  When a court draws such peculiar, and unexplained, lines, lawyers and other courts can be perplexed about what is going on.  What comes next—barring a Rule 59(e) motion after a Rule 50(b) motion? [2]

---

[2]  I am not referring in this opinion to repeated motions under Rule 59(e) that are filed after an original final judgment and then after a modified final judgment.  The law appears to be fairly well established that if a motion is filed after the second judgment but is directed to matters in the first judgment that were not modified by the second judgment, the motion must be filed within 28 days of the original final judgment.  *See* 11 Wright & Miller § 2817 at 233–35 & n.14.  Again, there was no problem with timeliness of the Rule 59(e) motion in this case.

11

Which brings me to the second serious problem with the panel opinion. What makes its ruling all the more puzzling is that the foundation of the "repeated Rule 59(e) motion" rationale of this opinion floats on a mirage. There was no prior Rule 59(e) motion in this case. The purported prior Rule 59(e) motion was filed before a final judgment—it was filed after the district court granted Plaintiff's motion under Rule 50(b), ruled that Plaintiff prevailed on liability, and ordered a new trial on damages. When Defendants challenged that ruling before final judgment was entered on stipulated damages, the only applicable Rule of Civil Procedure was Rule 54(b), which states that (absent designation of a final judgment on fewer than all claims or parties) "any order or other decision, however designated, . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H Cohen Mem'l v. Mercury Const.*, 460 U.S. 1, 12 (1983). In particular, as stated in a leading treatise: "An order granting a new trial is interlocutory and destroys the finality of the judgment. Because a district court has plenary power to reconsider, revise, alter, or amend an interlocutory order, the court has the power to take any action with respect to an order granting a new trial." Moore's § 59.21[1] (footnotes omitted).

And the opinion is not only based on an obvious mislabeling. The mislabeling also undermines whatever rationale the panel opinion had. If the reason for not permitting the district court to correct its error is the interest in finality arising from there being two *postjudgment* Rule 59(e) motions, that reason evaporates when the mislabeled Rule 59(e) motion was a *prejudgment* motion addressing an interlocutory order.

12

So why does the panel opinion insist on treating Defendants' first motion as a Rule 59(e) motion? The only possible justification could be that the district court and the parties so treated it. *See Nelson*, 921 F.3d at 928. This approach to reversing the district court is contrary to fundamental judicial practice. First, this court has repeatedly held that the rule governing a motion is not determined by the label but by the substance. *See, e.g., Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1270 n.12 (10th Cir. 2016) ("[W]e look beyond the form of the motion to the substance of the relief requested." (internal quotation marks omitted)). Second, the parties' stipulation to a matter of law, even when approved by the lower court, is not binding. *See Swift & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281, 289–90 (1917) ("[T]he court cannot be controlled by agreement of counsel on a subsidiary question of law. . . . [And the] fact that effect was given to the stipulation by the appellate courts of Ohio does not conclude this court. . . . We treat the stipulation, therefore, as a nullity."). Indeed, this court has said that the district court "was obligated to correctly instruct the jury on the law," despite a stipulation to a defective jury instruction. *Zia Shadows, LLC v. City of Las Cruces*, 829 F.3d 1232, 1242 (10th Cir. 2016). Third, and critically, the panel opinion's reliance on an incorrect stipulation of law as a ground to *reverse* the lower court breaks new ground. It is a "settled rule that, in reviewing the decision of a lower court, it must be affirmed if the result is correct although the lower court relied upon a wrong ground or gave a wrong

reason." *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (internal quotation marks omitted).[3]

If the result in this case would have been the same regardless of how Defendants' initial motion is characterized, then there is no harm (at least with respect to the parties here) in adopting the lawfully incorrect stipulation regarding the nature of that motion. But if the reversal in this case depends on that initial motion being a Rule 59(e) motion, then the panel opinion is surely contrary to the dictate of *Chenery*. It should have properly characterized the initial motion (looking at the substance instead of the title) and upheld the decision to reconsider the earlier ruling (although, of course, it would then be necessary to evaluate the merits of the decision to grant judgment to Defendants). This feature of the panel opinion surely will create more doubt about how it is to be applied in future cases.

Finally, I should address two collateral matters that could create confusion. First, the panel opinion makes a point of not deciding whether the district court could sua sponte correct its prior order. *See Nelson,* 921 F.3d at 930–31. If this is to suggest that there is an escape hatch from the panel opinion's construction of Rule 59(e), it is an artificial, and unconvincing, one. I can see no reason, and the panel opinion does not

---

[3] Judge Bacharach's opinion concurring in the denial of rehearing en banc suggests that Defendants benefited from mischaracterizing their initial motion as one under Rule 59(e). But the same benefit would have accrued if Defendants had correctly categorized it as merely a motion to correct an error in an interlocutory order—as recognized in Rule 54(b). I am not aware of any difference it would have made in the district-court proceedings had Defendants' first motion been properly characterized rather than being labeled a Rule 59(e) motion.

suggest any, why the rules committee would think that a court should be permitted to do something sua sponte but not in response to a motion.

Second, the panel opinion points to an advisory committee note to the 1946 amendment to Rule 59, which added Rule 59(e). *See id.* at 931. The note states that Rule 59(e) "deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in Rule 50(b)." Fed. R. Civ. P. 59(e) advisory committee note to 1946 amendment. That note is wholly irrelevant to this case, even though the district court had entered a final judgment after granting a motion under Rule 50(b). The proceedings of the March 1946 meeting of the Advisory Committee on Rules for Civil Procedure were transcribed. The transcript shows that the committee note related only to the time for bringing a Rule 59(e) motion, which originally required the motion be filed within 10 days of *entry of judgment*. When the draft of the rule had been publicly circulated, a bar association had pointed out that a motion under Rule 50(b) had to be made within "10 days after the *reception of a verdict*," Fed. R. Civ. P. 50(b) (1938). *See* Proceedings of Advisory Comm. on Rules of Civ. P., March 1946, Vol. 3 at 534–37. (In 1963 Rule 50(b) was amended to conform to Rule 59(e), by providing that the motion must be made within 10 days of *entry of judgment*.) To avoid confusion arising from the different time frames under the two rules, the bar association recommended that Rule 59(e) be revised to state: "Except as provided in Rule 50(b) a motion to alter or amend the judgment may be made within 10 days after the entry of the judgment." *Id.* at 536. The committee decided that the point was a legitimate one; but the issue ultimately was addressed in the committee note (which

15

should be read as stating that the time limit in Rule 59(e) does not apply to motions under Rule 50(b)) rather than by changing the language of the proposed rule. *See id.* at 542–43. In light of the revision to Rule 50(b) in 1963, the 1946 committee note is irrelevant today; and it was never relevant to the issue before us.

I cannot believe that this opinion will create no mischief going forward. When the rationale is so puzzling, how can one predict the use that may be made of its language to dispose of cases in the future? I am concerned that Defendants did not see fit to petition for rehearing after the remarkable panel opinion. Perhaps after further study they will reconsider the prospects for future review.[4]

---

[4] The panel opinion does not address whether Defendants can appeal the denial of its prejudgment motions after the district court enters judgment for Plaintiff on remand from this court. If Defendants are not permitted to appeal, they are being sorely penalized for having succeeded on their timely first postjudgment motion. After all, there was nothing for them to appeal after their motion was granted. If they do appeal (and we conclude that the appeal is proper), it is certainly a possibility that we will end up reaching the same conclusions as the district court did in rendering judgment on the Rule 59(e) motion. I do not know how the interest in finality is served by requiring this convoluted process.

16

17-2199, *Nelson v. City of Albuquerque*

**BACHARACH**, J., concurring in the denial of rehearing en banc, joined by **BRISCOE**, **MATHESON**, **PHILLIPS**, and **MORITZ**, JJ.

I agree with the majority that *sua sponte* rehearing is unjustified. The panel opinion is consistent with our precedents, and the dissent's parade of horribles is misguided. I write separately only to address two of the dissent's arguments about the panel opinion: (1) that we should have *sua sponte* decided that the defendants' first motion wasn't really a Rule 59(e) motion; and (2) that we misapplied precedents and failed to recognize the district court's right to correct a prior error. I respectfully disagree with both arguments.

First, the dissent frowns on our acceptance of the parties' and district court's treatment of the defendant's first motion as one under Rule 59(e). In the seven-plus years following the filing of this motion, our dissenting colleague is the first person to question everyone's characterization of this motion as a Rule 59(e) motion. So we lack any briefing on this issue.

But the defendants not only haven't questioned this characterization; they have affirmatively used it to their advantage. The district court initially characterized the first motion as a Rule 60 motion and denied relief. The defendants then urged the district court to vacate the order because it was based on a mischaracterization of the motion, insisting that they had brought their motion under Rule 59(e) (not Rule 60). The court

agreed, vacating its ruling and acquiescing to the defendants' characterization of their motion as one under Rule 59(e).

Now, over seven years later, the dissent criticizes the panel for failing to decide *sua sponte* that the defendants were wrong in the first place when they insisted on characterizing their motion as one under Rule 59(e). Rather than *sua sponte* unraveling the defendants' own successful arguments over seven years ago, we treated the first motion just as the parties and district court had done—as a Rule 59(e) motion. *See Arizona v. California*, 530 U.S. 392, 412–13 (2000) (instructing that "courts must be cautious about raising [issues] *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication"). In my view, we acted prudently by declining to sua sponte consider the issue in the absence of briefing at any point in the proceedings. *See JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose*, 754 F.3d 824, 850 (10th Cir. 2014) (Holmes, J., concurring) (arguing that *sua sponte* affirmance on alternative grounds in this case was "unwarranted and ill-advised" because "no one ha[d] even hinted at affirming on the alternative grounds [endorsed in a separate concurrence], and the district court did not even have an opportunity to consider, much less rule on" the issue).

Second, the dissent insists that our procedural ruling is not only wrong but an "unprecedented" failure to recognize the district court's

2

ability to correct its own errors under Rule 59(e). Dissent at 1. The dissent has misinterpreted both our panel opinion and our precedents.

The panel opinion does not question the use of Rule 59(e) to correct errors previously made. This rule allows the district court to rectify its mistakes in the period immediately following entry of the judgment. *White v. N.H. Dep't of Empl. Security*, 455 U.S. 445, 450 (1982). But this does not mean that a party can repeatedly make the same arguments in successive Rule 59(e) motions in the 28 days following entry of the judgment.

In arguing that we are wrong, the dissent gives petitions for rehearing as an example. As the dissent argues, petitions for rehearing are a valuable tool permitting us to correct our mistakes. Even so, we do not permit a party to file a second petition for rehearing after we've ruled on the first one. *See* 10th Cir. R. 40.3 (2019) ("The court will accept only one petition for rehearing from any party to an appeal. No motion to reconsider the court's ruling on a petition for rehearing may be filed.").

So it is with successive motions under Rule 59(e). For example, the Fifth Circuit Court of Appeals has held that successive Rule 59(e) motions are improper, explaining:

> The federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration. Were such motions permitted, it is conceivable that a dissatisfied litigant

3

could continually seek reconsideration and prevent finality to the judgment. [The plaintiffs'] first Rule 59 motion was timely, was considered and denied, and exhausted [the plaintiffs'] right to reconsideration.

*Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009).

Like the Fifth Circuit, we addressed the issue of successive post-judgment motions in *Servants of the Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000). In that case, there were three post-judgment motions:

1.   a first Rule 60(b) motion (which was denied);

2.   a motion to reconsider the denial of the first Rule 60(b) motion (which was denied); and

3.   a Rule 59(e) motion (which was denied).

*Servants of the Paraclete*, 204 F.3d at 1008. The *Servants of the Paraclete* panel addressed the combination of two post-judgment motions (the motion to reconsider and the Rule 59(e) motion). Certainly there would be nothing wrong with a motion to reconsider to correct clear error or prevent manifest injustice. *Id.* at 1012. But we held that the party could not file even one Rule 59(e) motion on the heels of an unsuccessful post-judgment motion involving the same argument:

Finally, we note that a motion for reconsideration and a successive Rule 60(b) motion [which the court elsewhere characterized as a Rule 59(e) motion] . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, not present here, the basis

4

for the second motion must not have been available at the time the first motion was filed.

*Id.*

We faithfully applied *Servants of the Paraclete* in the panel opinion in *Nelson*, which involved two motions under Rule 59(e). We did not question the availability of Rule 59(e) to correct a prior error. Here, for example, no one has questioned the district court's decision to decide the merits of the first Rule 59(e) motion, which had been the defendants' first opportunity to challenge the correctness of the court's award of judgment as a matter of law to the plaintiffs. Just as we explained in *Servants of the Parcelete*, however, the defendants could not repeat the same arguments in a Rule 59(e) motion on the heels of the prior post-judgment motion. In *Nelson*, that is all we said. We didn't scuttle the use of Rule 59(e) or upend our jurisprudence on post-judgment motions.

\* \* \*

I respectfully disagree with the dissent on these two points. In my view, the panel opinion was correct and the dissent's parade of horribles is based on a misunderstanding of both our panel opinion and our precedents.

5