**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————————

JESUS FERNANDEZ,

    Plaintiff - Appellant,

v.

GREYHOUND LINES, INC.; JARRELL
PERRY; KIRK LEMMON; DAVID
OWEN STREIFF, JR.; UNITED STATES
OF AMERICA,

    Defendants - Appellees.

No. 24-2095
(D.C. No. 1:23-CV-00045-MLG-KK)
(D. N.M.)

———————————————————————

**ORDER AND JUDGMENT**[*]

———————————————————————

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.

———————————————————————

    Mr. Jesus Fernandez, a federal prisoner proceeding pro se, appeals the district

court's dismissal of claims arising from an allegedly unconstitutional search and

seizure that occurred on a bus. The district court concluded Mr. Fernandez failed to

state any plausible federal claims and declined to exercise supplemental jurisdiction

———————————————

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

over his state law claims. The district court also denied Mr. Fernandez's post-judgment motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

In the operative second amended complaint, Mr. Fernandez alleged that he is currently serving a prison sentence in Georgia stemming from an unlawful search and seizure aboard a Greyhound bus in Albuquerque, New Mexico, by two special agents of the Drug Enforcement Administration, defendants Mr. Jarrell Perry and Mr. Kirk Lemmon ("DEA Agents"). Mr. Fernandez alleged the DEA Agents' actions arose from an agreement by all defendants to violate the civil rights of Greyhound's passengers, including his own civil rights, by conducting searches that were without reasonable suspicion of criminal activity and were motivated by bias against national origin and race. He asserted these actions violated the Civil Rights Act of 1964, the Federal Tort Claims Act ("FTCA"), and state and federal consumer protection laws. He also alleged there was complete diversity of citizenship between all the parties. He sought money damages and a consent decree.

Consistent with its obligation under 28 U.S.C. § 1915A to review a prisoner's civil complaint seeking "redress from a governmental entity or office or employee of a governmental entity," the district court screened the second amended complaint and determined Mr. Fernandez failed to plausibly state a federal claim on which relief could be granted. *See* § 1915A(b)(1) (directing dismissal of the complaint or any portion of it if it "fails to state a claim upon which relief may be granted"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, a complaint must "state a

claim to relief that is plausible on its face" (internal quotation marks omitted)).  The

court construed the civil rights claims against the DEA Agents as arising under

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388,

389 (1971), and concluded the claim was barred by *Heck v. Humphrey*, 512 U.S. 477,

486–87 (1994), because Mr. Fernandez's conviction had not been invalidated.  The

court concluded that to the extent Mr. Fernandez sought to assert a *Bivens* claim

against Greyhound Lines or its security manager, Mr. David Owen Streiff, Jr., relief

was unavailable because *Bivens* does not extend to claims against private entities or

their employees.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) (private

entities); *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1101 (10th Cir. 2005)

(employees of private entities), *aff'd in relevant part*, 449 F.3d 1097, 1099 (10th Cir.

2006) (en banc).  In the alternative, the court determined that even if a *Bivens* claim

could be brought against Greyhound or Mr. Streiff, Mr. Fernandez had not alleged

facts showing their actions were "fairly attributable to the government," R. at 259,

noting that the judge in Mr. Fernandez's criminal case rejected the argument that

Greyhound had acted as an agent of the DEA.

     The district court next construed Mr. Fernandez's invocation of the Civil

Rights Act of 1964 as asserting a claim under 42 U.S.C. § 1983.  The court concluded

he failed to state a plausible § 1983 claim against Greyhound or Mr. Streiff because

he alleged no facts showing they acted under color of state law.  *See West v. Atkins*,

487 U.S. 42, 48 (1988) (§ 1983 plaintiff "must show that the alleged [constitutional]

deprivation was committed by a person acting under color of state law").

The district court also dismissed the FTCA claim and the federal consumer protection claim for reasons we need not recount because Mr. Fernandez does not challenge the dismissal of these claims and the district court's reasoning is not relevant to our analysis of his appellate arguments.

Finally, because it dismissed all the federal claims, the district court declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims and dismissed them without prejudice.

Mr. Fernandez filed a motion to reconsider, arguing that the district court failed to address whether he had stated a conspiracy claim under 42 U.S.C. § 1985(3) against Greyhound and Mr. Streiff. Construing the motion under Federal Rule of Civil Procedure 59(e), the district court denied it, concluding that a § 1985(3) claim failed for two independent reasons. First, Mr. Fernandez's allegations of a conspiracy were vague and conclusory. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (allegations of a conspiracy couched in conclusory language are insufficient for § 1985(3) claim); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to avoid dismissal.). Second, the district court explained that § 1985(3) applies to a purely private conspiracy only if it is "aimed at interfering with rights . . . protected against private, as well as official, encroachment," *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 833 (1983). Mr. Fernandez, however, had alleged that the goal of the conspiracy was to violate Greyhound passengers' Fourth Amendment rights, which are not protected against

4

private encroachment. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (explaining that "[t]here are few rights protected against private, as well as official, encroachment" and that "[t]he Supreme Court has recognized only the Thirteenth Amendment right to be free from involuntary servitude, and, in the same Thirteenth Amendment context, the right of interstate travel" (internal quotation marks omitted)). This timely appeal followed.

## II. STANDARD OF REVIEW

We review de novo a district court's decision to dismiss a prisoner complaint pursuant to § 1915A(b)(1) for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). "We review rulings on Rule 59(e) motions for an abuse of discretion." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Because Mr. Fernandez is pro se, we construe his pleadings liberally, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III. DISCUSSION

### A.    Mr. Fernandez did not establish diversity jurisdiction.

Although Mr. Fernandez alleged there was diversity of citizenship between all parties, the district court did not consider whether that was so. Mr. Fernandez now argues the district court had diversity jurisdiction over the state law claims because Mr. Streiff is a citizen of New Mexico but Greyhound is not. This argument rests on

5

a misunderstanding of the citizenship requirement for diversity jurisdiction.  The diversity statute, 28 U.S.C. § 1332(a), "applies only to cases in which the citizenship of *each plaintiff* is diverse from the citizenship of *each defendant*."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (emphasis added).  Mr. Fernandez's argument, however, is based on diversity between *two defendants*.  Furthermore, Mr. Fernandez advanced no allegations permitting the conclusion that there is complete diversity.  For example, he never alleged which state he was a citizen of before his incarceration, and he did not advance any allegations suggesting he is now a citizen of Georgia, where he is incarcerated.  *See Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006) (explaining that for "[f]or purposes of federal diversity jurisdiction," there is a rebuttable presumption that a prisoner is "a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state").  Mr. Fernandez, therefore, has not established diversity jurisdiction over the state law claims against Greyhound or Mr. Streiff.

**B.    The district court properly rejected the § 1985(3) claim.**

Mr. Fernandez argues the district court erred in concluding that because Greyhound and Mr. Streiff were not acting as government agents, they are not liable under § 1985(3).  This argument fails to show reversible error for two reasons.

First, Mr. Fernandez does not directly confront one of the district court's two independently dispositive grounds for rejecting the § 1985(3) claim—that his vague and conclusory allegations were insufficient to state a plausible claim.  In his second amended complaint, Mr. Fernandez's allegations of a conspiracy were:

- "[A]ll named defendants entered into an agreement to violate civil rights of Greyhound passengers/customers through discriminatory practices of conducting suspicionless searches at Greyhound bus stations, specifically against [Mr. Fernandez], as conducted in the Albuquerque location by Greyhound lines wherein [Mr. Fernandez] was searched and arrested." R. at 250–51, ¶ 8.

- "Said discriminatory actions were undertaken in a malicious and deliberate manner." R. at 251, ¶ 9.

- "Said actions fall within those prohibited under . . . the Civil Rights Act of 1964 . . . ." *Id.*, ¶ 10.

On appeal, however, Mr. Fernandez introduces a host of new allegations aimed at showing Greyhound and Mr. Streiff acted as instruments or agents of the DEA Agents:

- "[Mr.] Streiff clearly placed the [DEA] Agents in a position to search the bus." Aplt. Br. at 4.

- "[T]he search [was not] possible without [Mr.] Streiff's assistance (as Greyhound does not allow anyone to board its busses without a ticket – except when law enforcement does so). As such, an agreement between Streiff and the DEA Agents was necessary." *Id.*

- "[I]t is obvious that the government agents knew of, and participated in, the alleged agent's conduct –as they would not have been able to gain access to the bus without [Mr.] Streiff's assistance." *Id.* at 5.

- Agency can be inferred "from the Agent's presence on the bus – as, again, security would normally prevent a person who does not hold a ticket from boarding a bus, but here, the Security agent of Greyhound, [Mr.] Streiff, allowed entry." *Id.*

In assessing the district court's consideration of whether the second amended complaint plausibly stated a § 1985(3) claim such that granting Rule 59(e) relief was warranted, we are limited to the allegations in that complaint; Mr. Fernandez may not

7

advance new allegations for the first time on appeal. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) (explaining that when reviewing dismissal of a complaint, appellate court need only consider allegations raised in complaint and not new allegations raised on appeal). Thus, Mr. Fernandez's failure to challenge the district court's determination that the allegations of the second amended complaint were too vague and conclusory to state a § 1985(3) claim forecloses his success on this issue. As we have made clear, "[i]f the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020).

The second reason Mr. Fernandez's argument fails to show reversible error is that its premise is flawed—the district court never concluded that Greyhound and Mr. Streiff were not liable under § 1985(3) because they were not acting as government agents. As noted, the district court assessed the plausibility of a § 1985(3) claim under principles governing purely private conspiracies. This was likely because Mr. Fernandez never advanced his government-agent theory in his Rule 59(e) motion. Instead, he based his Rule 59(e) motion on the district court's failure to discuss § 1985(3) "in relation to" only "Greyhound" and "[Mr.] Streiff." R. at 264. We recognize that Mr. Fernandez also referred to the allegation in his second amended complaint "that there was a civil conspiracy among multiple actors, both public and private, to violate his civil rights." *Id.* at 265. But he then argued that § 1985(3) "provides a private right of action for damages based on *private*

8

*conspiracy.*" *Id.* (emphasis added). And he concluded that, in combination with allegations he asserted in his criminal case and a related habeas action, he had "include[d] every necessary element to bring a [§] 1985(3) case *against the two non-federally employed Defendant[s].*" R. at 266. In other words, Mr. Fernandez's motion advanced only a purely-private-conspiracy theory involving Greyhound and Mr. Streiff acting in their private capacities. We therefore cannot say the district court abused its discretion by not construing Mr. Fernandez's Rule 59(e) motion as attempting to establish a § 1985(3) conspiracy between Greyhound and Mr. Streiff based on actions allegedly taken as agents of the federal government, i.e., under color of federal law.[1] Mr. Fernandez cannot show that the district court erred in rejecting his private-conspiracy § 1985(3) claim by now pointing to a legal theory he never properly advanced in district court. *See Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 722 (10th Cir. 1993) (explaining that we do not generally consider legal theories raised for first time on appeal even when the theory "falls under the same general category as an argument presented" in district court). The district court was under no obligation to advocate for Mr. Fernandez by constructing an argument for him.

Finally, Mr. Fernandez argues the district court "failed to consider that § 1985 does not require a nullified conviction for suit" and "that Greyhound and [Mr.] Streiff's discrimination against national origin allows for suit under § 1985."

---

[1] Such a theory might be actionable under § 1985(3). *See Davis v. Samuels*, 962 F.3d 105, 115 (3d Cir. 2020) (holding that "§ 1985(3) can redress conspiracies to violate constitutional rights involving those acting under color of federal law").

Aplt. Br. at 4. But the district court did not rely on the *Heck* doctrine or the absence of discriminatory animus in ruling on the § 1985(3) claim, so these arguments are irrelevant.

## IV. CONCLUSION

We affirm the district court's judgment and its order denying Mr. Fernandez's Rule 59(e) motion. We grant Mr. Fernandez's motion to proceed on appeal without prepayment of costs or fees. We remind Mr. Fernandez of his obligation to continue making partial payments until the entire fee has been paid. *See* 28 U.S.C. § 1915(a)(1) (excusing only "prepayment of fees").

Entered for the Court

Per Curiam