FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONOVAN GENE MERCER,

    Defendant - Appellant.

No. 22-6130
(D.C. Nos. 5:17-CV-00207-M &
5:14-CR-00280-PRW-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY** and **ROSSMAN**, Circuit Judges.
_____

Defendant-Appellant Donovan Gene Mercer, appearing pro se, seeks to appeal

from the district court's denial of his Rule 60(b)(6) motion seeking to reopen his case and

reconsider the ruling on his original 28 U.S.C. § 2255 motion. United States v. Mercer,

No. CR-14-00280-PRW, 2022 WL 2525347 (W.D. Okla. May 9, 2022). Because no

reasonable jurist could conclude that the district court abused its discretion in denying the

Rule 60(b)(6) or the motion for reconsideration, we deny a certificate of appealability

(COA) and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To obtain a COA, 28 U.S.C. § 2253(c)(1)(B), Mr. Mercer must demonstrate that the underlying constitutional claims and the district court's procedural ruling would be debatable among jurists of reason. Slack v. McDaniel, 529 U.S. 473, 484 (2000). To overturn the denial of a Rule 60(b)(6) motion, a movant must demonstrate extraordinary circumstances and that the district court abused its discretion. Buck v. Davis, 137 S. Ct. 759, 777–78 (2017). A denial of a motion for reconsideration would be reviewed for an abuse of discretion. See Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019).

On appeal, Mr. Mercer contends that there was a procedural defect in his original § 2255 proceeding when he was denied the assistance of counsel and certain claims were rejected due to procedural bar. This court denied a COA on Mr. Mercer's various claims asserted in his § 2255 motion, while remanding on two of them. See United States v. Mercer, No. 18-6182, 772 F. App'x 631 (10th Cir. 2019). According to Mr. Mercer, he was entitled to an evidentiary hearing on his § 2255 motion at the outset because, rather than dismissing the motion, the district court ordered the government to respond and ultimately denied the motion. He reasons that this action required the trial court to appoint counsel and conduct an evidentiary hearing. Aplt. Br. 9–10.

This is plainly incorrect. There is no right to counsel beyond direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Moreover, there is no requirement in the statute or rules that merely ordering a response from the government requires appointment of counsel or an evidentiary hearing. The rules contemplate dismissal without an evidentiary hearing should the materials submitted warrant. See Rules 4(b),

2

7(a), 8(a) of the Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b).  Only where the district court determines that an evidentiary hearing is warranted is appointment of counsel required.  Rule 8(c).

Mr. Mercer also argues that dismissal of his claims requires a merits determination because otherwise a court could not find that a prisoner is entitled to no relief.  Aplt. Br. 11.  But the Supreme Court has recognized that claims may be forfeited on procedural grounds without reaching the merits.  See Slack, 529 U.S. at 484.  This is true notwithstanding that a Rule 60(b) motion may challenge application of a procedural bar. See Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006).

Mr. Mercer next argues that appellate counsel was ineffective for not raising certain errors.  He contends that procedural bar only applies to federal review of state convictions.  Aplt. Br. 11–13.  This is without merit.  See Bousley v. United States, 523 U.S. 614, 622–24 (1998) (discussing cause and prejudice or a fundamental miscarriage of justice in the context of § 2255); United States v. Frady, 456 U.S. 152, 166–67 (1982) (same as to cause and prejudice).

Mr. Mercer further contends that his post-conviction collateral review was tantamount to his direct appeal.  Id. at 12.  Mr. Mercer sought to rely upon Trevino v. Thaler, 569 U.S. 413 (2013), and Martinez v. Ryan, 566 U.S. 1 (2012), in the district court.  Trevino and Martinez involved ineffective assistance of trial counsel claims that were procedurally defaulted where such claims were usually raised in the first instance in state post-conviction proceedings.  The Court held that ineffective assistance of post-conviction counsel or lack of counsel could constitute cause for such a procedural default

3

given a substantial claim.  Trevino, 569 U.S. at 423.  Here, the district court recognized that Mr. Mercer was not subject to a similar state regime, that he had indeed received counsel when his § 2255 motion was remanded and an evidentiary hearing conducted, and that he did not assert an ineffective assistance of trial counsel claim.  See Mercer, 2022 WL 2525347, at *5.  Indeed, Mr. Mercer's argument is that appellate counsel's "performance was deficient because he failed to raise the claims of constitutional error which were specifically preserved during pretrial, trial, and sentencing."  Aplt Br. at 13.  The district court concluded that Mr. Mercer could not show good cause, prejudice, or a fundamental miscarriage of justice that would excuse the procedural bar.  Id.  Given the above, the district court's decision is not reasonably debatable.

We therefore DENY a COA, DENY IFP status because Mr. Mercer has not advanced a rational argument on the law and the facts, see Watkins v. Leyba, 543 F.3d 624, 627 (10th Cir. 2008), and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

4