**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RAHEEM LA'MONZE PLATER,

    Plaintiff - Appellant,

v.

EDEN POIROT; GEO GROUP, INC.,

    Defendants - Appellees.

No. 23-6131
(D.C. No. 5:22-CV-00779-R)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Raheem La'Monze Plater, an Oklahoma state prisoner proceeding pro se, appeals the district court's judgment in favor of defendants on his claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, for failure to exhaust administrative remedies. He also appeals the district court's denial of his post-judgment motion for reconsideration. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.     Relevant legal framework

The Prison Litigation Reform Act of 1996 ("PLRA") provides that prior to filing an action under 42 U.S.C. § 1983 "or any other Federal law," a prisoner must exhaust "such administrative remedies as are available."  42 U.S.C. § 1997e(a); *see also Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005) ("[A] prisoner may not sue under RLUIPA without first exhausting all available administrative remedies.").  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  "[A]n untimely or otherwise procedurally defective administrative grievance or appeal" is not sufficient to exhaust administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006).

"Failure to exhaust under the PLRA is an affirmative defense." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).  Thus, the defendant has the initial burden to show the plaintiff did not exhaust, and if that burden is met, "the onus falls on the plaintiff to show that remedies were unavailable to him." *Id.*  "[A]n administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy." *Id.* at 1252 (brackets and internal quotation marks omitted); *see also Ross v. Blake*, 578 U.S. 632, 644 (2016) (PLRA exhaustion is unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination,

2

misrepresentation, or intimidation"). "Based on this principle, we have obligated district courts to ensure that any defects in exhaustion are not procured from the action or inaction of prison officials." *Tuckel*, 660 F.3d at 1252 (brackets and internal quotation marks omitted).

## B. Oklahoma's four-step grievance process

The Oklahoma Department of Corrections ("ODOC") has a four-step Inmate/Offender Grievance Process for resolving issues or complaints: (1) discussion with the relevant staff member; (2) a written request to staff ("RTS"); (3) a written grievance submitted to the appropriate reviewing authority ("RA"); and (4) a written appeal to the appropriate administrative review authority ("ARA").[1] The ARA appeal must be submitted "within 15 days of receipt of the reviewing authority's decision or any amended decisions." R. at 248. An inmate may request to submit an ARA appeal out of time where "a grievance has been denied by the [RA] *and* the ARA or Medical ARA due to the grievance not being submitted in a timely manner," but he must make that request within 15 days of the ARA's denial of the ARA appeal and then resubmit the appeal. R. at 255-56.[2]

---

[1] The RA at a privately contracted facility is the on-site facility administrator. *See* R. at 245. The ARA is "[t]he division of the agency serving as the [ODOC] director's designee, or the chief medical officer's designee." R. at 238.

[2] The ODOC's most recent version of the grievance process took effect on January 18, 2022. *See* "Inmate/Offender Grievance Process," ODOC (last visited June 4, 2024), https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-09/op090124.pdf. However, most events in this case occurred prior to that date, and the parties have not argued that the revised policy applies. Like the district court,

C.    **Procedural history**

Plater filed a civil action under 42 U.S.C. § 1983 against multiple defendants, including Eden Poirot, who is an employee at the Lawton Correctional and Rehabilitation Facility ("LCRF") where Plater is incarcerated, and GEO Group, Inc., which is a private corporation that operates LCRF under a contract with ODOC.  The district court determined that Plater failed to exhaust his administrative remedies, granted the defendants' summary judgment motion, and dismissed the case.  *See Plater v. Poirot*, No. CIV-21-899, 2022 WL 1782603, at *1 (W.D. Okla. June 1, 2022) (unpublished) ("*Plater I*").  Plater then sought to refile his complaint in the same case, asserting he had corrected his failure to exhaust.  The district court rejected that effort because it had closed the case and told Plater he could file a new case if he thought he had rectified his failure to exhaust.

Plater did so, this time naming only Poirot and GEO Group (together, "Defendants").  He asserted violations of various constitutional rights and a RLUIPA violation.[3]  Plater alleged that after he requested to be housed in a single cell for his own safety, Defendants retaliated by putting him on property restriction from April 21, 2021, through May 8, 2021, and seizing his property, including pens, legal materials, a Quran, toiletries, bedding, towels, shirts, and pants.  As a result of the

therefore, we look to the version of the grievance process defendants submitted to the district court, which was effective October 18, 2017, *see* R. at 237–57.

[3] Plater also asserted a claim of fraud under Oklahoma law, but the district court declined to exercise supplemental jurisdiction over that claim.  Plater does not challenge that decision on appeal.

4

alleged deprivations, he could not stay warm, sleep, properly clean himself, grieve his abuse, or pray. He asserted that in response to an RTS, Poirot untruthfully stated that his property restriction was in accordance with prison policy or that his property had been returned to him. Plater viewed these responses as fraudulent and an effort to thwart his use of the grievance procedure.

Defendants moved to dismiss the action or, alternatively, for summary judgment, based on several grounds, including that Plater failed to exhaust his administrative remedies. Plater responded that after the court dismissed *Plater I*, he exhausted administrative remedies for two grievances, numbers 369-21 and 370-21, "at the ARA level as of 06/14/22," R. at 288.[4]

A magistrate judge recommended granting the motion for summary judgment on Plater's federal claims for failure to exhaust administrative remedies because the ARA's denial of the appeals as untimely showed Plater had not submitted them in a timely manner.

Plater filed a timely objection to the recommendation. He argued (as he had in *Plater I*) that he gave his ARA appeals to an LCRF officer, Ashley Katzinger, to mail on his behalf, but Officer Katzinger discarded them. He did not specify the date on which he allegedly gave the appeals to Officer Katzinger but instead stated only that he had 15 days to mail an appeal, "which he did through Officer Katzinger."

---

[4] That date was not only two weeks after the district court dismissed his first case, but also more than a year after the RA denied the two grievances and thus well beyond the 15-day period for filing an ARA appeal.

R. at 319.  He also argued that he could not request to file his ARA appeals out of time because ODOC policy allows such a request only where both the RA and the ARA have denied a grievance as untimely, and untimeliness was not among the reasons the RA denied grievances 369-21 and 370-21.  Plater also filed a motion for summary judgment.

The district court overruled the objection, adopted the recommendation, and granted defendants' motion for summary judgment on the federal claims for failure to exhaust.  The court observed that Plater did "not state when he" filed the ARA appeals, and the court was "unable to discern the date based on the materials provided," R. at 350–51 nn. 6–7, which included copies of the ARA's denials of his appeals as untimely that Plater had filed in *Plater I* in June 2022, after the court had dismissed that case.  Thus, the court concluded, it appeared Plater filed the two ARA appeals more than a year after receiving the responses to grievances 369-21 and 370-21, and after the court had dismissed *Plater I*.  Further, the court determined there was no indication he requested to file the appeals out of time.  Finally, the court denied Plater's motion for summary judgment.

Plater filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  He argued it was plain from his objections that he gave his ARA appeals to Officer Katzinger sometime during the 15-day window for filing them, but he again never specified the date, only a date range of June 3 to June 17, 2021.  The district court denied the motion because Plater had provided no evidentiary support for his allegation that Officer Katzinger thwarted his effort to exhaust, such as a copy

6

of a timely-filed appeal, despite that ODOC's grievance process requires inmates "to maintain a copy of the [ARA] appeal and related grievance paperwork for their record," R. at 248. The court also concluded that because the ARA has 30 days to respond to an appeal or notify an inmate that the ARA requires an additional 30 days to do so, Plater's failure to receive a final ruling by August 2021 put him on notice that the ARA had not received his appeals; yet Plater never alleged he tried to inquire about the status of his appeals or otherwise correspond with the ARA until he filed his appeals in June 2022. This appeal followed.

## II. DISCUSSION

### A. Standard of review

We review de novo a district court's decision to grant summary judgment, applying the same standard governing the district court. *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 758 (10th Cir. 2020). A district "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We view all facts and evidence in the light most favorable to the party opposing summary judgment." *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (internal quotation marks omitted). We review the denial of a Rule 59(e) motion for an abuse of discretion. *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Because Plater represents himself, we construe his filings liberally, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

7

**B.    Analysis**

As the district court concluded, the record evidence in this case shows that Plater *properly* completed only the first three steps in the grievance process with respect to grievances 369-21 and 370-21, not all four.  The ARA denied his appeals as untimely, and "an untimely or otherwise procedurally defective administrative grievance or appeal" is not sufficient to exhaust administrative remedies, *Woodford*, 548 U.S. at 83–84.  Although Plater alleged he gave Office Katzinger his ARA appeals and she failed to mail them, he provided no supporting evidence, such as his own sworn declaration or affidavit attesting to that allegation or, as the district court observed, copies of the appeals that he should have retained per the grievance policy. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining when a party moves for summary judgment, "the adverse party must respond *with affidavits or other evidence* to show a genuine issue of material fact" (emphasis added)); *May v. Segovia*, 929 F.3d 1223, 1235 (10th Cir. 2019) (rejecting allegation that prison officials rendered grievances undeliverable in part because plaintiff "provide[d] no evidence to support [the] allegation beyond the allegation itself").

Plater now attempts to remedy this problem by attaching to his opening brief on appeal copies of what he contends are the ARA appeals he gave Officer Katzinger, asserting that the date on them, June 8, 2021, is the date he gave them to her.  Plater claims that until the district court denied his Rule 59(e) motion, he was unaware that copies of these appeals would have aided his effort to avoid summary judgment in the absence of video evidence of him handing his ARA appeals to Officer Katzinger in

8

the prison law library. As to that alleged video evidence, he asserts it became unavailable because the district court refused a request he made, apparently in *Plater I*, for an order requiring Defendants to preserve the video.

Given that Plater attached many RTSs and grievances to his Rule 59(e) motion, we are not persuaded he was unaware of the potential benefit of submitting copies of the ARA appeals he gave to Officer Katzinger, even accounting for the lack of any direct evidence that might have been videorecorded. In any event, our review is limited to the record that was before the district court. *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). We therefore will not consider the ARA appeals he has submitted for the first time on appeal.[5]

Plater makes much of the fact that the RA denied grievances 369-21 and 370-21 for reasons different from the reasons the RA gave for denying prior versions of those grievances. Plater claims this amounted to sandbagging because he only had one attempt to resubmit the grievances to correct the problems the RA initially identified. This argument overlooks that Plater still could have exhausted his

---

[5] One observation, however, is in order. Plater's reliance on the appeals he attached to his opening brief necessarily rests on the premise that he had copies of those appeals because he adamantly claims the RA does not keep copies of his ARA appeals. Yet he provides no explanation why he never told the district court he gave the appeals to Officer Katzinger on June 8, 2021, but instead claimed only that he gave them to her sometime between June 3 and June 17, 2021. This unexplained inconsistency strongly suggests the copies Plater has attached to his appellate brief are recent fabrications. His contention that the revision date on the forms (April 2017) proves he could not have manufactured them in 2024 because that form was discontinued in 2022 is unsubstantiated and unpersuasive.

administrative remedies by raising those alleged errors in a timely ARA appeal, but his ARA appeals were untimely.

Plater also argues (1) that he should be excused from PLRA's exhaustion requirement because Defendants' "machinations" chilled him from inquiring into the ARA's failure to provide a timely response to the grievances he allegedly gave Officer Katzinger; and (2) the Defendants should be equitably estopped from asserting failure to exhaust as an affirmative defense. But Plater raised neither of these arguments in the district court in this case.[6] And he has not argued for plain-error review on appeal. He therefore has waived the arguments, and we decline to review them. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

### III.  CONCLUSION

We affirm the district court's judgment and its order denying Plater's Rule 59(e) motion. We grant Plater's motion to proceed on appeal without prepayment of fees or costs.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[6] We disagree with Plater that his efforts to demonstrate that Officer Katzinger led him to believe she mailed his ARA appeals are consistent with a "chilling" theory. Even construed liberally, those efforts are too attenuated to preserve for appellate review the expansive "chilling" argument he now presents. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) (explaining that "vague and ambiguous presentation of a theory before the trial court" does not "preserve that theory as an appellate issue" (internal quotation marks omitted)). And although Plater notes he raised equitable estoppel in *Plater I*, that does not suffice for purposes of *this* case.