**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

MICHAEL BALANCE,

    Plaintiff - Appellant,

v.

JOHNSON COUNTY, KANSAS, BOARD
OF COMMISSIONERS; CALVIN
HAYDEN; (FNU) WADE; (FNU) SMITH;
(FNU) EDWARDS,

    Defendants - Appellees.

No. 25-3169
(D.C. No. 5:25-CV-03089-JWL)
(D. Kan.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.[**]

———————————————————

Michael Balance, an inmate appearing pro se, appeals from the district court's

judgment dismissing his civil rights claims on limitations grounds and subsequent denial

of his motion to alter or amend judgment. Our jurisdiction arises under 28 U.S.C.

§ 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Background

Mr. Balance is now housed at the Lansing Correctional Facility after his conviction for second degree murder on October 19, 2023. Mr. Balance's complaint, however, relates to his pretrial confinement at Johnson County Adult Detention Center (JCADC). Mr. Balance contends that the classification system for pretrial detainees at that facility is deficient. In his complaint, he alleged that Defendants were liable for violating procedural and substantive due process, equal protection, conspiring to deprive him of his civil rights, and intentionally inflicting emotional distress. He maintains that his initial 30-day review and subsequent 90-day reviews of his classification status were a sham. R. 11. According to Mr. Balance, the Defendants imposed a classification system that was punitive, based upon race, designed to extort guilty pleas and fill bed space, and procedurally defective including a failure to advise him of a right to appeal. Id. at 12–15. In this regard, he explains that he attempted to grieve his classification sometime between August and November 2021. Aplt. Br. at 5. In his complaint, he sought $150,000 in compensatory damages and $350,000 in punitive damages. R. 9. Mr. Balance was discharged from custody on January 17, 2024 when he was sent to the Kansas Department of Corrections and filed his complaint on May 7, 2025.[1] R. 48; Aplt. Br. at 5.

Pursuant to its screening function, the district court issued a Memorandum Opinion and Order to Show Cause as to why the action should not be dismissed for

---

[1] May 7, 2023 would be two years prior to the filing of the complaint.

failure to state a claim. R. 46–57. Although an affirmative defense, the district court concluded that it was apparent from the complaint that Mr. Balance's claims were barred by limitations and that no facts suggested a basis for statutory or equitable tolling. Applying the Kansas two-year limitation period for personal injury actions applicable to 42 U.S.C. § 1983 claims and relying upon the dates in the complaint, the district court reasoned that Mr. Balance would have been aware of the restrictions associated with his classification and the 30- and 90-day review procedures during the first four months of his incarceration, or January to April of 2019. Thus, the filing of the complaint years later was untimely and no circumstances suggested statutory or equitable tolling.

In the alternative, the district court indicated that the complaint would fail on the merits and addressed pleading deficiencies as to the claim of punishment, equal protection, civil conspiracy, municipal liability, improper naming of the board of county commissioners, and restrictions on damages. If no federal claims remained, the district court would dismiss the supplemental claims for intentional infliction of emotional distress.

A district court may dismiss a complaint on limitations grounds sua sponte where it is apparent from the face of the complaint that the action would be time barred and no meritorious tolling issues appear. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). As was done here, it may also act after giving the plaintiff notice and an opportunity to respond. Id. In two paragraphs germane to the district court's order to show cause on the limitations issue, Mr. Balance contended that the statute of limitations did not apply. He maintained that the 2019 date he provided in the complaint was in

error and that his injuries began August 2021 and became worse thereafter. R. 58; Aplt. Br. at 6. But even with the 2021 date, the district court concluded that his claims were time barred given that they accrued well before the two-year limitation period notwithstanding that Mr. Balance might not have known the full extent of his injuries. R. 131; see also Romero v. Lander, 461 F. App'x 661, 669 (10th Cir. 2012) (accrual period begins to run when plaintiff knows of his injury). The district court reasoned that a continuing violation theory would not apply where a plaintiff's injury was definite and discoverable and the plaintiff was not prevented from seeking relief. R. 132 (citing Kelly v. Schnurr, 2024 WL 4235123, at *2 (10th Cir. Sept. 19, 2024)). It also saw no grounds for statutory or equitable tolling and rejected Mr. Balance's attempt to add several defendants and claims relating to his ongoing state criminal proceedings. R. 134–37. In response to Mr. Balance's motion to alter or amend judgment, the district court included a fuller discussion of why it rejected tolling and denied the motion. R. 153–57.

Discussion

We review the district court's decision to dismiss a complaint for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), de novo. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). We give the complaint its mandated liberal construction, but we cannot act as an advocate. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840–41 (10th Cir. 2005). Grounds for a motion to alter or amend "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v.

4

Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Our review is for an abuse of discretion.

Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019).

On appeal, Mr. Balance argues that the district court erred in applying equitable

tolling and the continuing violation doctrine to his claims.[2]  Aplt. Br. at 5.  He relies upon

a continuing violation theory.  See Herrera v. City of Espanola, 32 F.4th 980, 99799 (10th

Cir. 2022).  The continuing violation theory combines "conduct from both inside and

outside the limitations period into one single violation that, taken as a whole, satisfies the

applicable statute of limitations."  Hamer v. City of Trinidad, 924 F.3d 1093, 1100 (10th

Cir. 2019).  The doctrine applies where no single act comprises the cause of action

because the claim is based upon combining the effects of the individual actions.  Nat'l

R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 118 (2002).  That is not the case here.

The essence of Mr. Balance's claim is that he was misclassified initially for a variety of

reasons.  Any subsequent classification reviews were not essential to forming the

constitutional claims arising outside the limitation period.  In other words, Mr. Balance's

claimed injuries are not those where a series of related events are needed to constitute the

violation.

Mr. Balance also maintains that "the sham reviews used to retain me in restrictive

housing occurred every 90 days until my discharge in January of 2024" rendering his

procedural due process claims timely.  Aplt. Br. at 7.  We have recognized a "repeated

violation theory" whereby a plaintiff might seek damages incurred during the limitations

---

[2] Mr. Balance also argues the merits of his constitutional claims, but it is unnecessary to address these issues given our disposition.

period each day where a deficient program, policy, or activity results in damages. Herrera, 32 F.4th at 1000; Hamer, 924 F.3d at 1107. Here, however, Mr. Balance has not identified any specific instance within the limitations period where his procedural due process rights were violated based on an independent, discrete act. Rather, a fair reading of the complaint and his response to the district court's order to show cause is that he continued to suffer from the initial classification. See Kelly, 2024 WL 4235123, at *3. In this regard, we note that although we liberally construe a pro se complaint, pro se litigants remain responsible for stating facts (not merely summary, legal conclusions) about events that suggest that a defendant is responsible for the harm alleged. See Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009); Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, Mr. Balance's reliance on the interactions of another detainee regarding the classification system do not suffice. See Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) (section 1983 rights are personal and may not be predicated on the rights of another).

We also reject Mr. Balance's claim that he was entitled to equitable tolling because he could not conduct effective legal research due to restraints while using the library and was required to file grievances electronically through a shared kiosk rather than with paper forms. See Aplt Br. at 5; see also R. 141–42. Our cases applying federal equitable tolling in the post-conviction context have required an inmate to diligently pursue his claims and that extraordinary circumstances beyond his control prevented his timely filing. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). He also argues that he was under a disability under Kan. Stat. Ann. § 60–523 that would excuse

6

his untimely filing.  We look to Kansas law insofar as tolling in this section 1983 action.

Shrum v. Cooke, 60 F.4th 1304, 1308–09 (2023).  Generally, to prevent fraudulent

concealment or inducement by a defendant, a plaintiff must show that he pursued his

rights diligently and was blocked by some extraordinary circumstance.  Id.; Matter of

Bell, 529 P.3d 153, 157 (Kan. 2023).  Nothing suggests that any defendant interfered

with Mr. Balance's access.  Insofar as the application of Kan. Stat. Ann. § 60–523, we

agree with the district court that Mr. Balance's state court filings regarding his criminal

case certainly suggest that he had access to the courts thereby defeating reliance upon a

disability to extend the limitation period.  We agree with the district court's rejection of

tolling.  R. 151–55.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

7