**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 19, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL R. CAPPS,

    Defendant.

------------------------------

CHARLES CAPPS; DUAGLO, LLC,

    Movants - Appellants.

No. 25-3025
(D.C. No. 6:21-CR-10073-EFM-1)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **CARSON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Appellants Charles Capps and Duaglo, LLC are claimants to property subject
to civil collection procedures to enforce a restitution order in the underlying criminal
case. They appeal from the district court's decisions denying intervention by Duaglo,
determining that Charles Capps did not have a valid mechanic's lien, and holding that

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the government is entitled to certain proceeds from the sale of the property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Background

### A. Factual Background

Michael Capps was convicted of a variety of offenses related to fraudulently obtaining federal funds intended for COVID-19 relief. I Aplee. App. 32–33. The district court ordered him to pay $318,647.21 in restitution and entered a forfeiture judgment in the amount of $178,193.17. Id. at 37–38. A few months prior to his conviction, Michael Capps's mortgage lender had filed a foreclosure petition in state court on his residential property (the "property"). Id. at 134–40. Michael Capps's son, Charles Capps, was remodeling the property but stopped when the foreclosure petition was filed. I Aplt. App. 224. The property sold at a sheriff's sale for $152,708.59, leaving Michael Capps with a three-month statutory redemption period ending on September 28, 2023. Id. at 219–221, 224. At that point, Michael and Charles Capps agreed that Charles Capps should continue the remodeling work to improve the property's potential profitability. See id. at 224. Charles Capps was to receive the first $50,000 of the sale proceeds plus 50% of any net proceeds in excess of $100,000. Id. at 204.

On August 18, 2023, the government filed a Notice of Lien for Fine and/or Restitution to perfect its lien on the property. I Aplee. App. 188. Meanwhile, Michael Capps sought a source of capital to redeem and hold the property so that Charles Capps could work on improvements. Aplt. Br. at 9. On August 28, 2023,

Michael Capps transferred his interest in the property, including his right to redeem and to any surplus upon the sheriff's sale, to Duaglo.  I Aplt. App. 109.  He reserved the right to repurchase the property for $167,708.59 on or before November 28, 2023.  Id. at 116.  Duaglo redeemed the property by paying $155,027.04.  II Aplt. App. 306.  Although Michael Capps did not repurchase the property on time, on November 28, Charles Capps filed a Statement of Lien for Labor, Equipment, Material and Supplies, a mechanic's lien.  Id.

In order to facilitate the property's closing, the parties agreed to a two-phase sale in which Duaglo would sell the property to Michael Capps, Michael Capps would sell it to a third party, and Michael Capps would pay Duaglo out of the proceeds from the second sale.  II Aplee. App. 99.  Meanwhile the government agreed to file a Partial Release of Judgment Lien in exchange for (1) Duaglo agreeing to reduce its purchase price to $155,027.04, the redemption price, and (2) Michael Capps agreeing to place the proceeds of the sale in escrow until any disputes are resolved.  Id.  Michael Capps sold the property to a third party for $253,500, resulting in a surplus of $74,550.37.  I Aplee. App. 121; I Aplt. App. 185.  That money is currently held in escrow by Security 1st Title, LLC and is the subject of the present appeal.[1]

---

[1] Appellants state that there is $74,573.37 in escrow.  Aplt. Br. at 10.  The government acknowledges there is a $23 difference between the amount held in escrow and the amount estimated prior to closing, but Security 1st has not provided an explanation for this difference.  Aplee. Br. at 9 n.2.  The parties do not indicate that the discrepancy is relevant to their dispute.

### B. Procedural Background

After the government and Michael Capps were unable to reach an agreement on the disposition of the sale proceeds, the government initiated a garnishment proceeding on the escrowed funds. I Aplee. App. 39–40. The government served a Notice of Garnishment on Charles Capps because he had asserted an interest in the property. Id. at 47–48. Charles Capps filed a Petition in Interpleader in state court claiming he was entitled to $50,000 of the escrowed funds because he had a mechanic's lien on the property, that his lien took priority over other interests, and that the government's interest did not reattach once Michael Capps bought back the property. Id. at 55–61. He also filed a Limited Appearance of Claimant Charles Capps to Object to Garnishment and to Provide Notice of Interpleader Action in federal district court. Id. at 52–54.

The government removed the state interpleader action to the federal district court and filed a motion to dismiss, which the district court granted. Aplee. Br. at 10. The government also challenged Charles Capps's objection to the garnishment, arguing that that the mechanic's lien did not satisfy Kansas statutory requirements. I Aplee. App. 116–30. Charles Capps moved for an extension of time to reply to the government's response, which the court granted. II Aplee. App. 37–39. However, rather than file a reply, Charles Capps filed a Motion for Stay of Briefing. Id. at 40–41. On June 14, 2024, the district court denied Charles Capps's motion to stay briefing and noted that Charles Capps had not yet replied to the government's objection to his mechanic's lien claim. Id. at 55 n.28, 62. Charles Capps then filed a

4

second objection to the garnishment and requested a hearing. Id. at 63–83, 170. The government argued that this filing was procedurally improper. Id. at 171–74.

The district court held a hearing on September 12, 2024. Id. at 175. During the hearing, Charles Capps acknowledged that his mechanic's lien contained a fatal defect, but he asserted that filing an interpleader petition cured any defects. Id. at 205–10. The district court requested supplemental briefing from Charles Capps on authority showing that an interpleader petition can cure a mechanic's lien's defects. Id. at 252. Relevant to this appeal, Charles Capps argued for the first time in his supplemental briefing that Duaglo's purchase of redemption rights and advance of funds to redeem constituted a purchase money transaction that takes priority over the government's lien. III Aplee. App. 38–39. He also reasserted that the government did not exercise its right to redemption on time, id. at 39–43, and that the interpleader action satisfied the mechanic's lien procedural requirements, id. at 43–44.

After filing supplemental briefing but before the court ruled on the garnishment objection, Duaglo and Charles Capps filed a Joint Motion for Distribution of Funds and a Joint Motion to Allow Intervention of Duaglo, LLC. Id. at 61, 67. On November 5, 2024, the district court overruled Charles Capps's objection to the garnishment and denied the motion to allow Duaglo to intervene and for the distribution of funds. United States v. Capps, No. 21-10073-EFM, 2024 WL 4679221 (D. Kan. Nov. 5, 2024) ("Capps I"). The court held that the order of restitution operated as a lien on Michael Capps's property rights, including his right to redeem, that Duaglo redeemed the property subject to the government's lien, and

5

that the government is entitled to the proceeds of the sale.  Id. at *4–6.  The court also held that Charles Capps did not have a valid mechanic's lien.  Id. at *7–8.  Additionally, the court explained that it was denying Duaglo's request to intervene because the motion was "extremely untimely" and because Duaglo did not have a valid interest.  Id. at *8–9.

In reaching its holdings, the court "acknowledge[d] the procedural irregularities in this case" and decided not to "strike [Michael Capps's second objection to garnishment] but . . . instead consider it as [his] Reply and consider it on the merits."  Id. at *4 n.12.  Further, the court noted that "[Michael Capps] (and now Duaglo) continue to raise additional issues/arguments after [Michael Capps]'s initial Objection was filed[,]" that "[g]enerally, if a party fails to raise an argument in its initial brief, the argument is waived[,]" and that "[a]lthough the Court addresses some of the issues [Michael Capps] raises in his supplemental briefing, it will not address all the additional issues raised in the (Second) Objection, Reply briefs, and supplemental memorandum."  Id.

Charles Capps filed a Motion to Alter or Amend, which the court denied on January 23, 2025.  III Aplee. App. 147–52; United States v. Capps, No. 21-10073-EFM, 2025 WL 275776 (D. Kan. Jan. 23, 2025) ("Capps II").  Duaglo and Charles Capps filed a combined notice of appeal of the district court's orders in Capps I and Capps II.  II Aplt. App. 338–39.

6

## Discussion

Appellants challenge the government's entitlement to the escrowed funds. They argue that they instead are entitled to the funds because (a) Duaglo's interest takes priority as a purchase money security interest, (b) under 28 U.S.C. § 2410(d), Duaglo can recover the redemption price and interest and Charles Capps can recover, through Duaglo's claim, for expenses necessarily incurred, and (c) the government failed to prove its entitlement to the funds against all adverse claims. Aplt. Br. at 13–14. However, we need not reach the merits of their arguments based upon procedural bar. For the reasons below, we affirm the district court.

### A. Duaglo Is Not a Proper Party to the Appeal.

Appellants argue Duaglo is entitled to the escrowed funds over the government. However, Duaglo never became a party to the proceedings below because the district court denied its motion to intervene for untimeliness. And Charles Capps, who does not raise his mechanic's lien claim on appeal, only asserts a right to the proceeds through Duaglo's interest. Therefore, we must address the motion to intervene before reaching any of Appellants' claims.[2]

In their opening brief, Appellants do not contest the district court's denial of their motion to allow Duaglo to intervene; rather, they argue that while the motion

---

[2] Ordinarily, only parties to the lawsuit may appeal from the district court's decision. Marino v. Ortiz, 484 U.S. 301, 304 (1988). If we uphold the denial of the motion to intervene, Duaglo is not a party, and we would lack jurisdiction to consider Appellants' claims. See Abeyta v. City of Albuquerque, 664 F.3d 792, 797 (10th Cir. 2011).

may not be timely, Duaglo has a valid claim. Aplt. Br. at 25. Therefore, the issue of Duaglo's intervention — and any arguments that rely on Duaglo being a party to the suit — is waived. See, e.g., Burke v. Regalado, 935 F.3d 960, 1014 (10th Cir. 2019). Even so, we agree with the district court that the motion to intervene was untimely.

We review a district court's ruling on the timeliness of a motion to intervene for abuse of discretion. Utah Ass'n of Cntys. v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001). "The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" Id. at 1250 (quoting Sanguine, Ltd. v. U.S. Dep't of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984)).

Appellants filed their motion to intervene after the hearing on Charles Capps's garnishment objection and after supplemental briefing. III Aplee. App. 67–71. The motion did not indicate whether Duaglo sought permissive intervention or intervention as a matter of right, nor reference any of the intervention requirements. Capps I, 2024 WL 4679221, at *9. Both forms of intervention require a timely motion. Fed. R. Civ. P. 24. The court found that the motion was "extremely untimely" because Duaglo "knew of its interest in the case for quite some time[,]" and regardless Duaglo does not have a valid interest in the property. Capps I, 2024 WL 4679221, at *9.

The district court did not abuse its discretion in determining that the motion was untimely given the following. Duaglo knew the government claimed an interest

8

in the property as early as December 13, 2023. Id. The government served its Notice

of Garnishment on Charles Capps on February 9, 2024, and Charles Capps filed an

objection within twenty days. Id. Duaglo does not contest that it also received notice

at the time, yet it filed a motion to intervene over seven months later, three weeks

after the court already held a hearing on Charles Capps's objection. Id.

Thus, Duaglo is not a proper party to the present appeal and cannot challenge

its interest in the escrowed funds. Because Charles Capps asserts a claim only

through Duaglo's interest, he cannot challenge his interest either. We could resolve

the appeal on this basis alone.

### B. Appellants Forfeited Their Arguments on Appeal.

Even if Duaglo was a proper party, Appellants forfeited the issues they raise

on appeal. Appellants argue that Duaglo's interest is entitled to purchase money

security protection. Aplt. Br. at 14. Charles Capps presented this argument for the

first time in his supplemental briefing and the district court, noting that arguments

raised after the initial brief are generally waived, declined to consider it. Capps I,

2024 WL 4679221, at *4 n.12. He raised the argument again in his motion to alter or

amend, and the court again declined to consider it. III Aplee. App. 147–52; Capps II,

2025 WL 275776, at *2.

We review a district court's refusal to consider an untimely argument for abuse

of discretion. See Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1206

(10th Cir. 2018); Featsent v. City of Youngstown, 70 F.3d 900, 906 (6th Cir. 1995).

Appellants have waived any arguments as to timeliness by failing to address this

9

issue in their opening brief.  See Burke, 935 F.3d at 1014.  Even so, the district court did not abuse its discretion in declining to consider the purchase money security interest issue.  In his initial interpleader petition, Charles Capps argued only that he had a mechanic's lien and that the government does not have a claim to the property. I Aplee. App. 55–62.  He did not advance any new arguments in his garnishment objection.  Id. at 52–54.  Only after the district court appeared skeptical of his mechanic's lien claim during the hearing did Charles Capps argue for the first time in supplemental briefing, on Duaglo's behalf, that Duaglo's interest takes priority as a purchase money security interest.  III Aplee. App. 38–39.  And as the government indicates, it had no opportunity to respond to the supplemental briefing.[3]  Aplee. Br. at 31.

Appellants also argue that under 28 U.S.C. § 2410(d), Duaglo is entitled to the redemption price and interest and Charles Capps is entitled to $50,000, through Duaglo's interest, for expenses necessarily incurred.  Aplt. Br. at 24–26.  At best, this argument appeared in a cursory manner in Charles Capps's supplemental briefing, III Aplee. App. 41, and in Appellants' joint reply to the government's opposition to the

---

[3] Appellants do not indicate whether they also challenge the court's failure to consider the purchase money issue on the motion to alter or amend.  Assuming they do challenge the second order, we review a district court's ruling on a motion to alter or amend for abuse of discretion.  Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019).  A motion to alter or amend is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Id. (quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)).  The court did not abuse its discretion in declining to consider this issue at the motion to alter or amend stage.

motion for distribution of funds, id. at 113, 115.  The district court did not address

this issue.  "To preserve an issue for appeal, a party must alert the district court to the

issue and seek a ruling — a party does not preserve an issue merely by presenting it

to the district court in a vague and ambiguous manner, or by making a fleeting

contention before the district court."  GeoMetWatch Corp. v. Behunin, 38 F.4th 1183,

1206 (10th Cir. 2022) (citation modified).  Besides the same timeliness defect as

above, we cannot say that the vague references to section 2410(d) adequately

presented the issue before the district court.

Finally, to the extent that we could review these forfeited arguments for plain

error, In re Syngenta AG MIR 162 Corn Litig., 61 F.4th 1126, 1180 (10th Cir. 2023),

Appellants did not argue for plain error review in their brief, see Oral Arg. at 10:10–

11:08.  "When an appellant fails to preserve an issue and also fails to make a plain-

error argument on appeal, we ordinarily deem the issue waived (rather than merely

forfeited) and decline to review the issue at all[.]"  United States v. Leffler, 942 F.3d

1192, 1196 (10th Cir. 2019).  Accordingly, we will not reach the merits of

Appellants' claims.[4]

---

[4] Appellants raise a third argument: that the government did not prove its entitlement to the funds, Aplt. Br. at 26–27, and even if Appellants have no claim to the funds, the government is not automatically entitled to keep them, Aplt. Reply Br. at 9.  But this is not how litigation works.  Under standing doctrine, a claimant cannot challenge the government's claim to the funds without asserting his or her own personal interest in the funds.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 & n.1 (1992).  And once we resolve the motion to intervene, there is no one before us that can procedurally assert a personal claim.  We do not consider this argument further.

11

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge